IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JOE AITRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-3120-CV-S-RED |
| | ) |
| HENRY S. CLAPPER, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER

NOW before the Court are the following: Defendants' Lathrop & Gage L.C., Ruth Cottingham, George Nichols, City of Lockwood, Missouri, City of Lockwood Police Department, Ryan Robinson, and Tamara DeWild Motion to Dismiss Case (Doc. 2), Suggestions in Support of the Motion to Dismiss (Doc. 3), Suggestions in Opposition (Doc. 10), and the Reply (Doc. 11), the Motion to Dismiss by Defendant Clapper (Doc. 4), Suggestions in Support of the Motion to Dismiss (Doc. 9), Motion for Order Not to Dismiss (Doc. 13), and Suggestions in Opposition (Doc. 14), Motion for Order to ReAnswer Defendant Clapper's Motion to Dismiss (Doc. 15), Response to the Court's Order to Show Cause (Doc. 17), Plaintiffs Motion for Order on the Amended version of Count 12 (Doc. 18), Motion to Amend/Correct Count 12 (Doc. 19), Defendant Clapper's Motion to Dismiss (addressing Proposed Amendment to Count 12) (Doc. 21), Suggestions in Support of the Motion to Dismiss (Doc. 22), and the Motion to Dismiss by Defendant Munton and the Suggestions in Support of the Motion to Dismiss by Defendant Munton. For the reasons stated below, the Court finds that the Motions to Dismiss submitted by the respective Defendants in this case are due to be granted and the case dismissed with prejudice.

Plaintiff initially filed this case in state court in Dade County. The case was then removed to this court. Plaintiff's petition alleges fourteen (14) counts and is over one inch thick. Each of the Defendants have filed a Motion to Dismiss with the Court. The court will address each Count of Plaintiff's Complaint in turn.

## I. Standard of Review

A motion to dismiss should not be granted unless it appears beyond a doubt that the Plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a). In determining whether this burden is met, the complaint is to be liberally construed in the light most favorable to the Plaintiff. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982); *Coleman*, 40 F.3d at 258. The court should not dismiss the complaint simply because the court is doubtful that the Plaintiff will be able to prove all of the necessary factual allegations. *See Barnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). When considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true. *Cruz v. Beto*, 405 U.S. 319 (1972).

The Plaintiff in this case is coming before the Court *pro se*. Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of procedural and substantive law. *See Faretta v. California*, 422 U.S. 806, 834-35 n. 46; *Barker v. Norman,* 651 F.2d 1107, 1123 (5th Cir.1981). However, the Court notes that "[a] pro se complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of facts to support the claim." *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir.1987) (citing *Holloway v.*

2

*Lockhart,* 792 F.2d 760, 761-61 (8th Cir.1986)).

## II. Discussion

A.     Count 1 - Lathrop & Gage

In Count 1 of Plaintiff's Petition, he seeks to sue the law firm of Lathrop & Gage due to the acts of its employee, Tamara DeWild. Specifically, Plaintiff contends that Ms. DeWild and the firm denied Plaintiff his "equal rights to due process under the Federal Freedom of Information Act." The alleged actions of Ms. DeWild and Lathrop & Gage are related to that firm's representation of the City of Lockwood, the defendant in a previous case filed by the Plaintiff.

As a general rule, attorneys are immune from liability to non-clients for actions arising from their professional representation of a client. *See, e.g. Wiles v. Capitol Indem. Corp.*, 280 F.3d 868 (8th Cir. 2002) (citing and construing Missouri law). Plaintiff seeks a departure from this general rule under the Freedom of Information Act (FOIA). FOIA applies to government agencies only. 15 U.S.C. § 551. The Act governs the distribution of information from these government agencies to private citizens. As neither Ms. DeWild nor Lathrop & Gage is a government agency, FOIA is inapplicable and Plaintiff has failed to state a claim in Count 1 for which relief can be granted by this court. Accordingly, Count 1 is hereby dismissed.

B.     Count 2 - Tamara DeWild

Count 2 of Plaintiff's Complaint seeks to sue Ms. DeWild for "pervert[ing] the course of Justice" during her representation of the City of Lockwood in Plaintiff's prior case. The Court again notes that an attorney, as a general rule, can not become liable to non-clients for actions arising out of their representation of a client. *See, A supra*. In his Complaint, Plaintiff has failed to show how the actions of Ms. DeWild come under any exception to this general rule. The a cause of action for

3

"pervert[ing] the course of Justice" is not recognized. To the extent Plaintiff is alleging a deprivation of due process or other constitutional protections, Plaintiff can not recover against individuals for these wrongs. *See, e.g., Rendell-Baker v. Kohn*, 102 S.Ct. 2764 (1982) (holding that while the Fourteenth Amendment prohibited states from denying federal constitutional rights including the guarantee of due process, this does not apply to the actions of private persons or entities). Accordingly, Plaintiff has failed to state a claim for which relief can be granted in Count 2 and Count 2 is hereby dismissed.

C. Count 3 - Tamara DeWild

In Count 3, Plaintiff alleges that Ms. DeWild violated FOIA and Plaintiff's due process. Again, Plaintiff is not suing a government entity in this count, thus FOIA is inapplicable. Additionally, for Plaintiff's due process claim to be appropriate, Plaintiff must allege a state action. *Kohn*, 102 S.Ct. 2764. However, Plaintiff has only alleged the actions of Ms. DeWild and Lathrop & Gage as the basis for his due process claim. Thus, Count 3 fails to state a claim for which relief can be granted and is hereby dismissed.

D. Count 4 - David Munton

Count 4 alleges that Judge David Munton of Dade County Circuit Court "perverted the Course of Justice." The alleged actions of Judge Munton relate to Plaintiff's previous lawsuit against the City of Lockwood. Plaintiff appears to be suing Judge Munton for acts performed in the scope of his duties as a Circuit Court Judge. It is well established that a judge is immune from liability for any alleged damages sustained by reason of wrongful acts. *Howe v. Brouse*, 427 S.W.2d 467, 468 (Mo. 1968). Judicial immunity exists "not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, [in] whose interest it is that the judges should be at liberty

4

to exercise their functions with independence and without fear of consequences." *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 944 (Mo. Banc. 1986). This Judicial immunity covers any constitutional claim, and will only be eroded when a Judge acts in clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). Plaintiff has alleged nothing that suggests Judge Munton acted without jurisdiction. It is clear that judicial immunity applies to Plaintiff's allegations. As such, Count 4 is hereby dismissed as it fails to state a claim for which relief can be granted.

E.   Count 5 - David Munton

In Count 5, Plaintiff seeks to sue Judge Munton, citing a variety of reasons or causes. However, due to the analysis above, the Court finds that these claims are barred by judicial immunity. The accusations of malice and conspiracy do not prevent the application of judicial immunity. *See, e.g., Wiggins v. Hess*, 531 F.2d 920 (8th Cir. 1976). Accordingly, Count 5 fails to state a claim for which relief can be granted and is hereby dismissed.

F.   Counts 6 and 7 - Ruth Cottingham

In Counts 6 and 7, Plaintiff seeks to sue Ruth Cottingham, a police officer with the City of Lockwood, for filing an Ex Parte Order of Child Protection on January 10, 2000. The cognizable causes of action cited by Plaintiff are libel, slander, and malicious prosecution. The Plaintiff does cite other causes such as "risk of losing his career" however, these are not causes of action for which the Court can provide relief. As to the causes of action properly before the Court, the statute of limitations for these actions is two years. MO. STAT. ANN. 516.140. Any allegation for civil conspiracy or fraud is given a five year statute of limitations. MO STAT. ANN 516.120; *Olean Associates, Inc. v. Knights of Columbus,* 5 S.W.3d 518 (1999). Plaintiff is bringing this suit over five years after these incidents occurred. Accordingly, Counts 6 and 7 are barred by the statute of

5

limitations and fail to state a claim for which relief can be granted. Thus, Counts 6 and 7 are hereby dismissed.

G.     Count 8 - Lockwood Police Department

Plaintiff in Count 8 wishes to sue the Lockwood Police Department for an arrest and prosecution which occurred in October and November of 1999. However, Defendant Lockwood Police Department is not designated as an entity with the power to sue or be sued. *Cross v. Cleaver II*, 142 F.3d 1059, 1063 (8th Cir. 1998). The police department is an agency of the City of Lockwood and to the extent Plaintiff's Complaint attempts to sue under 28 U.S.C. § 1983, the City of Lockwood Police Department is not a "person" within the meaning of this statute. Moreover, even if the City of Lockwood Police Department was capable of being sued, those cognizable claims made by Plaintiff are barred by the applicable statute of limitations. *See above*. Accordingly, Count 8 of Plaintiff's Complaint is hereby dismissed.

H.     Count 9 - Lockwood City Government

Count 9 alleges claims against Lockwood City Government. For those causes of action alleged which are cognizable, Plaintiff is barred from raising those claims due to res judicata and collateral estoppel. Additionally, any claims not so precluded are barred by the applicable statute of limitations as noted above.

In the case styled *Aitro v. City of Lockwood, et al*, 02-3101-CV-S-JTM, Plaintiff sued the City of Lockwood and its officials for malicious abuse of process, false arrest, harassment, and various other claims apparently under 28 U.S.C. § 1983. These claims were ruled on summary judgment as "the law is well settled that municipalities are not subject to purely vicarious liability under § 1983 absent allegations and proof that is employees were enforcing or acting under a city

6

custom or policy." Plaintiff showed no such custom or policy and the case was judged accordingly. Plaintiff is prevented from re-litigating these claims here, and Count 9 is hereby dismissed.

I.        Counts 10 and 11 - George Nichols

Counts 10 and 11 allege claims against George Nichols, city attorney for the City of Lockwood, regarding the complaint filed against Plaintiff for disturbing the peace in 1999 and the prosecution of said complaint. Plaintiff did not name George Nichols in his previous lawsuit against the City of Lockwood. However, Plaintiff appears to be suing him only through his involvement as the city prosecutor and because of the same actions previously litigated against the City of Lockwood. A plaintiff may not sue a succession of city employees on the same claim solely on the ground that each employee is not "identical" to previously sued employees. *Micklus v. Greer,* 705 F.2d 314, 317 (8th Cir.1983). However, if the Plaintiff is suing parties not identical to those in the first suit, the application of the principle of res judicata does require that the parties in both lawsuits have a close relationship, bordering on near identity, since the second claim is entirely barred by the application of res judicata. *Robbins v. District Court of Worth County, Iowa* 592 F.2d 1015, 1017 (8th Cir. 1979). In this case, as Plaintiff is suing Mr. Nichols as the city attorney, based on the same incidents alleged in his previous case against the City of Lockwood, the "close relationship" requirement is met to bar this successive suit on the same issues and facts. Accordingly, these claims appear to be barred by res judicata and collateral estoppel.

Even if the claims would survive preclusion, the cognizable claims for Libel, Slander, Malicious Prosecution, and Fraud are all brought before the Court well after the statute of limitations for bringing these actions has run. *See above*. Additionally, to the extent Plaintiff is attempting to allege a § 1983 violation, he has not pled a policy or practice of the City of Lockwood which

7

deprived him of his constitutional rights. Accordingly, Counts 10 and 11 are hereby dismissed as each fails to state a claim on which relief can be granted and are barred by the applicable statute of limitations.

J.      Counts 12 and 13 - Henry Clapper

Plaintiff has filed Counts 12 and 13 against Henry Clapper, and has also submitted an amended Count 12. Mr. Clapper represented Plaintiff in Plaintiff's previous suit against the City of Lockwood. As with the previous Defendants, not all of Plaintiff's stated claims are cognizable. These include "risk of having a Criminal record" and "Risk of Losing Career." The amended Count 12 mentions claims for "Malice," "Corruption," and "destroying the plaintiff's case" among others. For the claims which are cognizable, including fraud, the statute of limitations for bringing these actions has run. If Plaintiff is alleging professional malpractice, such a claim is also barred by the statute of limitations. Additionally, to the extent that Plaintiff is seeking to bring a constitutional claim against Mr. Clapper, such a claim is not recognized against an individual for the reasons stated above. Thus, Counts 12 and 13 of Plaintiff's Complaint are hereby dismissed for failure to state a claim upon which relief could be granted. As Plaintiff's proposed amended Count 12 suffers the same defects, his Motion to Amend Count 12 is hereby denied.

K.      Count 14 - Ryan Robison

Count 14 seeks to sue Ryan Robison as the Police Chief for the City of Lockwood, Missouri. Plaintiff states that Mr. Robison failed to serve and protect him and his Constitutional rights. Many of the causes of action alleged are not cognizable, for example "Malice,""Malicious Conduct," and "Trying to Pervert the course of Justice so that the Plaintiff would have been a risk of a Criminal Record," [sic] among others. This Count is due to be dismissed for several reasons. For one, the

8

cognizable claims all appear to be barred by the statute of limitations, as noted above for other Defendants. Additionally, these allegations were litigated in Plaintiff's previous case and are now barred by res judicata and collateral estoppel. Moreover, any claim under § 1983 must likewise be dismissed as Plaintiff has not plead any policy or practice by the city which violated his constitutional rights. Count 14 of Plaintiff's Complaint is hereby dismissed.

### III. Conclusion

For the reasons stated above, Plaintiff's complaint, in its entirety, is **DISMISSED WITH PREJUDICE**. All other Motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**


DATED: June 7, 2005             */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT